**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

MACE SECURITY INTERNATIONAL, INC.,

       Plaintiff,

v.

                                      CASE NO.: _____

MOBILE DYNAMIC MARKETING, INC.
d/b/a STEALTH TECHNOLOGIES, INC.,

       Defendants.

                                       **JURY TRIAL DEMANDED**

---

## COMPLAINT

Mace Security International, Inc. ("Mace") files this Complaint against Defendant Mobile Dynamic Marketing, Inc. d/b/a Stealth Technologies, Inc. ("Defendant"), and avers as follows:

## INTRODUCTION

1.     This is an action necessitated by Defendant's refusal to pay debts owed to Mace.

2.     Pursuant to an agreement between the parties, Mace sold personal wrist alarm products (the "Products") to Defendant (the "Agreement").  The Agreement is evidenced by various purchase orders from Defendant and corresponding invoices issued by Mace, which resulted in a final, master invoice dated January 31, 2019 (the "Invoice").  A true and correct copy of the Invoice, which incorporates and combines all prior, underlying invoice amounts due, is attached hereto as Exhibit A.

3.     Defendant directed Mace to deliver the Products to International Marketing Group, Inc. ("IMG") for later resale as set forth more fully below.

4.     Mace pursues this civil action against Defendant seeking damages for breach of the Agreement, account stated, and, in the alternative, unjust enrichment, as set forth more fully below.

## PARTIES / JURISDICTION AND VENUE

5.     Mace is a well-known, established provider of personal defense products which has been in business for over thirty years.

6.     Mace is a Delaware corporation with headquarters in Cleveland, Ohio.

7.     Defendant is a corporation, not organized under Delaware or Ohio law, with a principal place of business at 801 W Bay Drive, Suite 470, Largo, Florida.

8.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  Diversity of citizenship exists and this Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

9.     Defendant is subject to this Court's personal jurisdiction with respect to this civil action because its principal place of business is in Florida and Defendant has conducted business at all relevant times within this judicial district.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims occurred in this judicial district and Defendant was, at all times relevant, also resident of this judicial district.

## Overview of Mace's Business with Defendant

11.     Pursuant to the terms of the foregoing Agreement, Defendant ordered, and Mace sourced and supplied the Products to Defendant.  *See* Exhibit A.

12.     Thereafter, Mace issued the Invoice for $322,034.50.  *See* Exhibit A.

13.     Per the Invoice, Payment was due within 60 days from the date of the Invoice.  *See* Exhibit A.

14.     Mace supplied the Products to IMG as directed by Defendant.

15.     Defendant has further acknowledged the unpaid Invoice setting forth the payment due to Mace.

16.     Defendant has not paid the debts still owed to Mace pursuant to the Agreement.

17.     Mace has satisfied its obligations to Defendant by sourcing the Products for Defendant, delivering the Products to IMG and fully complying with the Agreement.

18.     Despite Mace's satisfaction of its obligations and its numerous requests for repayment, Defendant has not paid Mace the remaining sum of $322,034.50 due and owing under the Agreement.   A true and correct copy of certain correspondence requesting such sum is attached hereto as Exhibit B.

19.     Defendant has not cured this breach despite notice and an opportunity to do so.

20.     Defendant's breach has resulted in a windfall for Defendant, and Defendant continues to unjustly use and profit from the Products delivered by Mace.

21.     Mace has complied with all conditions precedent to the institution of this action or such conditions have been waived, excused, or prevented.

## COUNT I – BREACH OF CONTRACT

22.     Mace re-alleges and incorporates by reference the preceding allegations in this Complaint, as though fully set forth herein.

23.     The Agreement is a valid and enforceable contract between Mace and Defendant.  *See* Exhibit.  A.

24.     Pursuant to the Agreement, Mace is entitled to payment for the Products purchased by Defendant, and which Mace sourced and delivered to IMG.

25.     Despite Mace's full and complete performance under the Agreement, Mace is still owed $322,034.50.  *See* Exhibit A.

26.     Mace has demanded that Defendant pay the outstanding amount owed Mace, but Defendant has neglected, failed and refused to pay in compliance with the Agreement.  *See* Exhibit B.

27.     Defendant's failure and refusal to pay pursuant to the Agreement constitutes a breach of contract.

28.     As a result of Defendant's breach of the Agreement, Mace has been damaged in the amount of $322,034.50.

## COUNT II – ACCOUNT STATED

29.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 13 above as if fully set forth herein.

30.     Mace and Defendant engaged in series of transactions relating to Mace's sales of Products to Stealth.

31.     Mace billed Defendant for the Products in the regular course of dealing with Defendants.  This culminated in the Invoice attached hereto as Exhibit A.

32.     Defendant did not object, and has never objected, to the Invoice.  *See* Exhibit A.

33. The resulting balance which is due and owing to Mace from Defendant for the Products is $322,034.50, which amount has been due and owing per the Invoice's terms.

34. Defendant has acknowledged that the amount sought herein is the balance due to Mace for the Products as a result of the Invoice.

35. The debt remains unpaid.

## COUNT III – UNJUST ENRICHMENT (IN THE ALTERNATIVE)

36. Mace re-alleges and incorporates by reference the preceding allegations in this Complaint, as though fully set forth herein.

37. In the alternative to the above, and in the event that this Court was to determine that no contract exists between Mace and Defendant, Mace brings a cause of action of unjust enrichment against Defendant.

38. Through Defendant's actions described above, Defendant has voluntarily accepted the benefit of these Products and wrongfully withheld and retained monies owed Mace for supplying the Products.  Defendant retained these benefits, and never rejected or revoked acceptance of Mace's provision of the Products.

39. Without cause or privilege, Defendant continues to retain and accept the numerous, valuable benefits conferred by Mace, without compensating Mace, as set forth in the preceding paragraphs of this Complaint.

40. It would be inequitable and unconscionable for Defendant to retain the benefits of the monies owed to, or the Products supplied by, Mace, without full payment to Mace.

41.    Defendant has been unjustly enriched by Mace.

WHEREFORE, Mace respectfully requests that the Court grant judgment in favor of Mace and against Mobile Dynamic Marketing, Inc. d/b/a Stealth Technologies, Inc. on the above stated causes of action, together with an award of damages, pre-judgment and post-judgment interest at the maximum lawful rate, and an award of attorneys' fees and costs where allowable by law, in addition to such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  June 13, 2019                    CLARK HILL PLC

                                         s/Daniel A. Krawiec
                                         Daniel A. Krawiec
                                         Florida Bar No. 59136
                                         500 Woodward Ave.
                                         Suite 3500
                                         Detroit, MI 48226
                                         Phone: 313.309.9497
                                         Fax: 313.309.6979
                                         dkrawiec@clarkhill.com

                                         *Counsel for Plaintiff*