UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MACE SECURITY INTERNATIONAL, INC.,

              Plaintiff,

v.                                              Case No. 8:19-cv-1429-T-60AEP

MOBILE DYNAMIC MARKETING, INC.
d/b/a STEALTH TECHNOLOGIES, INC.,

              Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon Plaintiff's Motion for Default Final Judgment and to Require Completion of a Fact Information Sheet (Doc. 13), Defendant's Motion to Vacate Clerk's Default (Doc. 16), and Plaintiffs' response in opposition thereto (Doc. 17). Essentially, Plaintiff seeks entry of a default judgment against Defendant for failing to timely appear in or defend this action, while Defendant seeks to set aside the default entered against it and to proceed in defending this action on the merits. For the following reasons, it is recommended that Plaintiff's Motion for Default Final Judgment and to Require Completion of a Fact Information Sheet (Doc. 13) be denied and Defendant's Motion to Vacate Clerk's Default (Doc. 16) be granted.

### I.      Background

Plaintiffs initiated this action on June 13, 2019, asserting claims for breach of contract, account stated, and, alternatively, unjust enrichment (Doc. 1). Prior to the filing of the Complaint, Counsel for Plaintiff and Counsel for Defendant communicated regarding potentially settling the matters at issue (Doc. 16, Ex. 100, Affidavit of Robert Eckard ("Eckard Aff."), at ¶¶4-6 & Exs. A & B). In a June 24, 2019 e-mail, Counsel for Plaintiff indicated that

he was providing Counsel for Defendant a courtesy copy of the Complaint that Plaintiff filed against Defendant and asked whether Counsel for Defendant would "like to discuss any possibility of resolving this action before further litigation is necessary" (Eckard Aff., Ex. C). At that time, service had not yet been effected, and Counsel for Defendant believed that settlement discussions remained ongoing (Eckard Aff., at ¶8).

Instead, the Affidavit of Service (Doc. 9) indicates that Plaintiff effected service upon Defendant via registered agent the next day, on June 25, 2019. According to Counsel for Defendant, he did not receive notice from Plaintiff nor from Defendant regarding service upon Defendant's registered agent on June 25, 2019 (Eckard Aff., at ¶9). Counsel for Defendant held the mistaken belief that Plaintiff would either request that Counsel for Defendant accept service on behalf of Defendant or continue to communicate – a mistake compounded by Defendant's similar misunderstanding and failure to forward a copy of the served summons and Complaint to Counsel for Defendant (Eckard Aff., at ¶13; Doc. 16, Ex. 101, Affidavit of Brian McFadden ("McFadden Aff."), at ¶6). As a result, Defendant failed to timely respond to the Complaint. Given the lack of a responsive pleading, Plaintiff moved for entry of a Clerk's default on July 17, 2019 (Doc. 10). The Clerk entered the default on the following day (Doc. 11), and, on the same day, Plaintiff moved for default judgment against Defendant on all its claims (Doc. 13).

Prior to that, no one appeared on behalf of Defendant in this action. Indeed, Counsel for Defendant asserts that Counsel for Plaintiff made no attempt to contact Counsel for Defendant regarding service, the status of a responsive pleading, the motion for default, or the motion for default judgment (Eckard Aff., at ¶11). Notwithstanding, the Certificate of Service on both the Motion for Clerk's Default and Motion for Final Judgment and to Require Completion of a Fact Information Sheet certified that Plaintiff's counsel "electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice

of electronic filing to the following: all counsel and parties of record" (Doc. 10, at 2; Doc. 13, at 8).  As no one yet appeared on behalf of Defendant in this action, no such electronic notice went to Defendant or Defendant's counsel.  In fact, Counsel for Defendant asserts that Plaintiff never served a copy of the default on Defendant, Counsel for Defendant, or Defendant's registered agent (Eckard Aff., at ¶12).  Rather, not until a review of the docket on August 19, 2019 did the default and the motion for default judgment come to the attention of Defendant (Eckard Aff., at ¶12).

Subsequently, the next day, on August 20, 2019, Counsel for Defendant filed notices of appearance (Docs. 14 & 15; Eckard Aff., at ¶15).  Over the course of the next two days, Counsel for Defendant contacted Counsel for Plaintiff to determine whether the parties could resolve the motion by agreement (Eckard. Aff., at ¶17).  No contact between the parties had otherwise occurred since the June 24, 2019 e-mail exchange between Counsel for Plaintiff and Counsel for Defendant.  On August 22, 2019, Counsel for Plaintiff indicated that he would not agree to set aside the default (Eckard Aff., at ¶17; Doc. 17, Ex. A).  A few days later, Defendant submitted its motion seeking to vacate the entry of the Clerk's default, arguing that it established good cause for setting aside the default because of excusable neglect and the failure of Plaintiff to provide notice to Defendant or otherwise make Defendant aware of its intent to seek entry of a default and default judgment in this action (Doc. 16).  Furthermore, Defendant asserts that it maintains defenses to the claims set forth by Plaintiff and that Plaintiff would suffer no prejudice if the Court sets aside the default.  Plaintiff responds in opposition, asserting that the default should not be set aside because Defendant failed to establish good cause and, moreover, willfully ignored participating in these proceedings (Doc. 17).

## II.     Legal Standard

Pursuant to Rule 55, Federal Rules of Civil Procedure, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend an action, as shown by affidavit or otherwise, the clerk must enter the party's default.  Fed. R. Civ. P. 55(a).  The court may set aside an entry of default for good cause, however.  Fed. R. Civ. P. 55(c).  The defaulting party bears the burden of establishing good cause for setting aside an entry of default.  *See Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (citing *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999)).

Good cause is not susceptible to a precise formula but rather varies from situation to situation.  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).  "In determining what constitutes 'good cause,' courts have considered, but are not limited to, factors such as whether the default was willful, whether the defaulting party would have a meritorious defense, and whether setting aside the default would result in prejudice to the non-defaulting party."  *Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*, 650 F. App'x 729, 732 (11th Cir. 2016) (citing *Compania Interamericana*, 88 F.3d at 951).  Courts may also examine other factors, including "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default."  *Compania Interamericana*, 88 F.3d at 951 (citation omitted).  Whatever the factors employed by the court, such factors should be regarded as a means for identifying circumstances warranting a finding of "good cause" to set aside a default.  *Id.* (citation omitted).

Notably, courts view defaults with disfavor because of the strong policy of determining cases on their merits.  *In re Worldwide Web Syst., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (citations omitted) ("However, there is a strong policy of determining cases on their merits and

4

we therefore view defaults with disfavor."); *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (indicating that defaults should be used sparingly as it is a drastic remedy only to be utilized in extreme situations, especially given "the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court")); *see Fla. Physician's Ins. Co. Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (citations omitted) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits.").  "For that reason, any doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking relief."  *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (citation omitted). Notwithstanding, if a defaulting party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need not make any other finding in denying relief.  *Compania Interamericana*, 88 F.3d at 951-52 (citation omitted).

### III.    Discussion

In this instance, nothing in the record indicates that the failure to respond to the Complaint or otherwise defend the action prior to August 20, 2019 resulted from willful misconduct by Defendant.  Instead, the delay resulted from a miscommunication between Defendant and Counsel for Defendant and a breakdown in communication between Counsel for Defendant and Counsel for Plaintiff.  Indeed, Counsel for Plaintiff never contacted Counsel for Defendant regarding the motion for default, entry of default, or motion for default judgment, yet indicated in both motions that Defendant would receive notice electronically, even though no one appeared on behalf of Defendant at the time Plaintiff filed either motion.  Upon later learning of the entry of the default and the pending motion for default judgment, however, Defendant acted promptly in contacting Plaintiff and in appearing in and defending this action.

Furthermore, setting aside the default will not result in any prejudice to Plaintiff. Essentially, Plaintiff contends that it will suffer prejudice because it must preform litigation-related tasks and prosecute its case.  No prejudice exists in requiring a plaintiff to prove its case, mainly because setting aside a default will always result in increased litigation costs to the plaintiff because the plaintiff will necessarily have to litigate its case.  *Sherrard*, 724 F. App'x at 738-39 (citations omitted).  Furthermore, the inquiry pertains to whether prejudice results from the *delay*, not from having to continue to litigate the case.  *Id.* at 738 (citation omitted; emphasis in original).  Here, Defendant appeared and moved to vacate the default within approximately one month of entry of the default and filing of the motion for default judgment and within approximately two months of service of the Complaint (Docs. 1, 9, 11 & 13-16). Plaintiff failed to establish that the brief delay caused any prejudice, such as a loss of evidence or increased difficulties in discovery.  *Sherrard*, 724 F. App'x at 739 (citing *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006)).  Moreover, to the extent that Plaintiff argues it will suffer prejudice due to financial loss related to the purported breach of contract, such loss can be accounted for upon a determination of the merits of Plaintiff's claims.

Finally, this case does not involve any important public interest.  Rather, the case involves a contract dispute between private parties.  In sum, therefore, the lack of willful misconduct on the part of Defendant; Defendant's prompt action to correct its default; Plaintiff's failure to provide Defendant or Counsel for Defendant notice of the motion for default, entry of default, or motion for default judgment; the lack of prejudice to Plaintiff; and the lack of any public interest suffice to demonstrate good cause.  Based on the foregoing, Defendant established good cause for vacating the entry of the Clerk's default and for denying the request for entry of a default judgment.

### IV.     Conclusion

Accordingly, it is hereby

RECOMMENDED:

1.  Plaintiff's Motion for Default Final Judgment and to Require Completion of a Fact Information Sheet (Doc. 13) be DENIED.

2.  Defendant's Motion to Vacate Clerk's Default (Doc. 16) be GRANTED.

3.  The Clerk be directed to VACATE the entry of the Clerk's default (Doc. 11).

4.  Defendant receive fourteen (14) days from the date of the Court's Order to file a responsive pleading.

IT IS SO REPORTED in Tampa, Florida, on this 21st day of October, 2019.

_____

ANTHONY E. PORCELLI
United States Magistrate Judge


### NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

cc:     Hon. Thomas P. Barber
        Counsel of Record